**So Ordered.**



Frank L. Kurtz
Bankruptcy Judge

**Dated: April 4th, 2013**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

Corey A. Manlove & Melissa Manlove

Debtors

Case No. 12-00508-FLK7

FINDINGS OF FACT AND CONCLUSIONS OF LAW

An evidentiary hearing was held in this case on March 11, 2013. Based on the evidence that was presented at that hearing, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. The Debtors filed their petition for relief in this Chapter 7 case on February 8, 2012.

2. The Debtors are individuals. At the time of filing Mr. Manlove was 43 years old and Mrs. Manlove was 42 years old.

3. The Debtors' debts are primarily consumer debts.

4. The Debtors live in Washington State in a household of 4 persons.

5. Debtors' Schedule D lists secured claims in the amount of $95,660.00. A priority tax

Findings of Fact and Conclusions of Law - 1

claim in the amount of $10,988.72 is listed on Schedule E. Schedule F list general unsecured claims in the amount of $46,087.18, $19,000.00 of which appears is a duplicate of an identical debt to Toyota Financial Services which is listed on Schedule D.

6. At the time of filing, Schedule I indicated that Debtors' gross monthly income from all sources was $6,210.23. Payroll deductions reflect a voluntary contribution into a retirement account in the amount of $869.44, as well as two retirement loan repayments totaling $455.52 per month. After all payroll deductions, Schedule I indicates that the Debtors have $3,964.00 of average monthly income.

7. At the time of filing, Schedule J indicated that the Debtors' monthly expenses totaled $4,089.22 resulting in a monthly deficit of $125.22.

8. Mr. Manlove testified that that he had no intention of retiring from his current employment until at least the age of 65.

9. In addition to his 401k plan, Mr. Manlove is also a participant in the Hanford Contractors Multi-Employer Defined Benefit Pension Plan for HAMTC Represented Employees. Mr. Manlove's employer funds his participation in this Pension Plan. Under the current terms of this Pension Plan and based on Mr. Manlove's current earnings, if Mr. Manlove continues his current employment until the age of 65, he will be entitled to receive a monthly payment from the Pension Plan of between $2622.46 and $2878.41, depending on the options he selects.

Findings of Fact and Conclusions of Law - 2

10. On August 13, 2012, the United States Trustee timely filed a Motion to Dismiss for Abuse under 11 U.S.C. §§707(b)(1) and (b)(3)(B).

11. On August 17, 2012, the Debtors filed their Objection to the United States Trustee's Motion to Dismiss for Abuse.

## **CONCLUSIONS OF LAW**

1. This Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A) and (B).

2. The U.S. Trustee's motion to dismiss for abuse is filed pursuant to 11 U.S.C. § 707(b)(1) and (b)(3)(B).

3. The Court may dismiss a chapter 7 case as abusive if a debtor filed the petition in bad faith or if the totality of circumstances of a debtor's financial situation demonstrates abuse. Section 707(b)(3) provides:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (2)(A)(i) does not arise or is rebutted, the court shall consider (A) whether the debtor filed the petition in bad faith; or (B) the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse.

4. This Court has previously explained the application of this standard as follows:

> The test of ''totality of the circumstances'' referenced in the § 707(b)(3)(B) is a codification of prior standards utilized in the Ninth Circuit and elsewhere. *In re Burge*, 377 B.R. 573 (Bankr.N.D.Ohio 2007); *In re Pak, supra; In re Lamug, supra; In re Baeza*, 398 B.R. 692 (Bankr. E.D.Cal.2008). In

Findings of Fact and Conclusions of Law - 3

> considering whether the commencement of a Chapter 7 is an abuse of the bankruptcy process, pre-BAPCPA law is still relevant in determining whether abuse exists under this subpart of BAPCPA.
>
>> Bankruptcy courts that have addressed § 707(b)(3) since the enactment of BAPCPA have found that the 'totality of the circumstances' tests that were applicable under the former § 707(b) remain applicable under BAPCPA. *Mitchell, 357 B.R. at 150, 153; In re Richie, 353 B.R. 569, 575 (Bankr.E.D.Wis.2006).* BAPCPA made changes, however, making it easier for the UST to prove a case for abuse because (a) there is no longer a presumption in favor of granting relief to a debtor, and (b) the standard for dismissal is reduced from 'substantial abuse' to mere 'abuse.' *In re Colgate, 370 B.R. 50, 2007 WL 1649103 at \*3 (Bankr.E.D.N.Y.2007); Mitchell, 357 B.R. at 153; Richie, 353 B.R. at 574.*
>
> *In re Siegenberg, supra, at \*6.*

*In re Hageney, 422 BR 254, 262 (Bkrtcy. E.D. Wash. 2009).*

5. This is consistent with pre-BAPCPA law under which a debtor's ability to pay a substantial portion of unsecured claims could, standing alone, warrant dismissal under former §707(b). See *In re Price, 353 F.3d 1135, 1140 (9th Cir. 2004)(citing In re Kelly, 841 F.2d 908, 914 (9th Cir. 1988)).* In *Price* the Ninth Circuit held that the totality of circumstances required consideration of several factors. Those factors include:

   a. whether a debtor had the likelihood of sufficient future income to fund a chapter 11, 12 or 13 plan which would pay a substantial portion of unsecured claims;

   b. whether a debtor's petition was filed as a consequence of illness, disability,

Findings of Fact and Conclusions of Law - 4

unemployment, or some calamity;

    c. whether the schedules suggest the debtor obtained cash advances and consumer goods on credit exceeding his or her ability to repay them;

    d. whether a debtor's proposed family budget was excessive or extravagant;

    e. whether a debtor's statement of income and expenses misrepresented the debtor's true financial condition; and

    f. whether the debtor engaged in eve-of-bankruptcy purchases.

*353 F.3d at 1139-40.* Accordingly, determining whether a debtor has an actual ability to pay may be dispositive in a §707(b)(3)(B) analysis.

6. Applying these factors to this case and in particular reviewing the Debtors' ability to repay creditors over time, the Court concludes that abuse is present which warrants dismissal pursuant to 11 U.S.C. §707(b)(3)(B).

7. The Court concludes that the Debtors' actual monthly income measured against reasonable expenses leaves sufficient excess funds with which the Debtors could repay unsecured creditors a substantial amount over time.

8. The Debtors' monthly gross income is $6,210.23 per month as reflected on Schedule I. Assuming the Court allowed the Debtors the full benefit of all claimed payroll deductions, including 401k contributions and 401k loan repayments, the Debtors would not have any disposable net monthly income with which they could repay unsecured creditors.

Findings of Fact and Conclusions of Law - 5

9. The United States Trustee, however, has opposed the allowance of the Debtors' 401k contributions and 401k loan repayments.

10. The Ninth Circuit Court of Appeals has held that bankruptcy courts have discretion to determine whether 401k retirement account contributions are a reasonably necessary expense for a particular debtor based on the facts of each individual case. *Hebbring v. U.S. Trustee, 463 F.3d 902 (9th Cir. 2006).* Regarding voluntary pension plan contributions, the Court must allow all debtors to seek bankruptcy protection while contributing to a retirement plan if it appears reasonably necessary for the support of the debtor or debtor's dependents. *In re Craig, 579 F3d. 1040 (9th Cir. 2009).*

11. In the present case, Mr. Manlove is already a participant in an employer funded defined benefit pension plan under the current terms of which he will receive a substantial monthly pension upon retirement. Mr. Manlove has indicated that he does not plan to retire until at least the age of 65, a period in excess of 20 years. Denying a debtor's contributions for a period of 3 - 5 years has less of an impact when the retirement will not occur for two decades. The Debtors can restart their contributions to Mr. Manlove's 401k plan after completing payments to unsecured creditors and still set aside substantial amounts to fund a second pension fund. While the Debtors have expressed concern over the potential for future changes to Mr. Manlove's defined benefit plan, their concerns for the future, while

Findings of Fact and Conclusions of Law - 6

understandable, are speculative. Under the totality of circumstances, the Court concludes that Debtors' voluntary retirement contribution to a second pension plan in the amount of $869.44 is not reasonably necessary for the support of the Debtors for purposes of analyzing the Debtors' ability to repay creditors.

12. Therefore, with the Debtors' gross monthly income as $6,210.23 and disallowing their 401k contributions of $869.44, Debtors' average net income is determined to be $4,833.44. This exceeds their stated monthly Schedule J expenses of $4,089.22, leaving them with monthly net income of $744.22.

13. Based on this monthly net income, the Court concludes that the Debtors have the ability to repay unsecured creditors over time.[1]

14. Accordingly, the Court having given due consideration to the factors enumerated by the Ninth Circuit Court of Appeals in *In re Price*, concludes that the Debtors' case constitutes an abuse under the totality of circumstances. This case will be dismissed pursuant to Section 707(b)(3)(B) of the Bankruptcy Code unless the Debtors file a motion to convert this case to Chapter 13 by March 29, 2013. The United States Trustee may submit an ex parte order of dismissal after March 29, 2013 if no motion to convert has been filed by the Debtors by that time.

/ / / END OF DOCUMENT / / /

---

[1] In light of this conclusion, the Court does not reach the United States Trustee's argument that the Debtors' 401k loan repayments should also be disallowed.

12-00508-FLK13    Doc 54    Filed 04/04/13    Entered 04/04/13 15:39:30    Pg 7 of 7